**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7192

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ALLEN MCNEAL,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:16-cr-00606-CCB-2; 1:21-cv-00878-CCB)

Submitted:  March 11, 2025                          Decided:  March 13, 2025

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Timothy Allen McNeal, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Allen McNeal seeks to appeal the district court's orders denying his 28 U.S.C. § 2255 motion and his sealed motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its orders on September 11, 2023, and the appeal period expired on November 10, 2023. McNeal's notice of appeal was postmarked November 22, 2023.[*] Because McNeal failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For purposes of this appeal, we assume that the postmark date appearing on the envelope containing the undated notice of appeal is the earliest date that McNeal could have delivered the notice of appeal to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2